```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GUSTAVIA HOME, LLC,

                        Plaintiff,

        -against-

DOMINIC NUNU,
DANNY J. SUMO,
VED PARKASH,
LUIS AMAYA,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE,
JOHN DOE "1" THROUGH "12",

                        Defendants.
----------------------------------------------------------------X
```

7/24/18
Adopted without objection. Clerk to enter judgment. So ordered.
s/ Raymond J. Dearie

**REPORT AND RECOMMENDATION**
16-CV-3989-RJD-SJB

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 25 2018 ★
BROOKLYN OFFICE

**BULSARA, United States Magistrate Judge:**

Plaintiff Gustavia Home, LLC ("Gustavia") filed this foreclosure action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendants Dominic Nunu ("Nunu"), Danny J. Sumo ("Sumo"), Ved Parkash, Luis Amaya, the New York State Department of Taxation and Finance, and John Does 1 through 12. The property that Nunu and Sumo own, and that is the subject of the litigation, is 149-37 256th Street, Rosedale, New York 11422 (the "Subject Property").

On October 6, 2017, Gustavia filed motions for (1) summary judgment pursuant to Fed. R. Civ. P. 56(a) against "Defendants"; and (2) to strike the answer and affirmative defenses raised by Nunu and Sumo. The motions were referred by the Honorable Raymond J. Dearie to the undersigned for report and recommendation on March 8, 2018. Although the motion for summary judgment is titled as one against "Defendants," the papers only seek relief against Nunu and Sumo. For the reasons

stated below, it is respectfully recommended that the motion for summary judgment be granted against Nunu and Sumo, and the motion to strike be denied as moot.

I.  Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways. Fed. R. Civ. P. 56(c)(1). It may cite to portions of the record "including depositions, documents, electronically stored information, affidavits or declarations," "admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, it may show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *see generally Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988).

"In determining whether summary judgment is appropriate, [the Court] must resolve all ambiguities and draw all reasonable inferences against the moving party." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In this case, Nunu and Sumo are appearing *pro se*; although Nunu stated several times that an attorney would make an appearance on his behalf, none ever did. (*See* Order dated December 20, 2017 ("No counsel has made an appearance; as such, the deadlines previously set in the case remain in place and Mr. Nunu is proceeding pro se[.]")). No counsel has appeared on Sumo's behalf. Although the same standards for summary judgment apply, a *pro se* litigant "should be given special latitude in responding to [a summary judgment] motion." *Gonzalez v. Long*, 889 F. Supp. 639, 642 (E.D.N.Y. 1995); *see also Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) ("[S]pecial solicitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment."). What that requires in practice is that the non-moving *pro se* litigant must be given notice of the consequences of a "failure to offer evidence bearing on triable issues." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983). In this District, under Local Civil Rule 56.2, "[a] represented party moving for summary judgment against a party proceeding *pro se* shall serve and file . . . the . . . 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached." Gustavia attached the required Rule 56.2 notice, and corresponding attachments, along with its motion for summary judgment on October 6, 2017. (*See* Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment, Dkt. No. 30, Ex. 9). Those documents were served on Nunu and Sumo. (*See* Certificate of Service, Dkt. No. 30, Ex. 10 ).

Furthermore, in moving for summary judgment or answering such a motion, litigants are required by the Local Rules to provide a statement (a Rule 56.1 Statement) setting forth purported undisputed facts or if controverting any fact, responding to each assertion. In both instances, the party must support its position by citing to admissible

3

evidence from the record. *See* Local Civil Rule 56.1(b), (d); *see also* Fed. R. Civ. P. 56(c) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).

Gustavia submitted a Rule 56.1 Statement containing its allegedly uncontested material facts with citations to underlying evidence. (Plaintiff's E.D.N.Y. Local Civil Rule 56.1 Statement of Undisputed Material Facts As To Which There Is No Genuine Issue To Be Tried dated August 17, 2017, Dkt. No. 30, Ex. 7 ("Rule 56.1 Stmt.")). Under Local Civil Rule 56.1(c), "[e]ach numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph" in an opposing statement. Nunu and Sumo did not respond to Gustavia's Rule 56.1 Statement, and the statements in Gustavia's Rule 56.1 Statement are deemed admitted. *See Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, No. 09-CV-2614, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011) ("'A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.'") (quoting *T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009)). Nunu or Sumo also did not respond to the motion itself, but the Court has undertaken an independent review of the record to determine if there is any material fact in dispute. The Court has found none, and thus recommends the granting of summary judgment against them.

Facts

The following facts, unless otherwise indicated, are drawn from Gustavia's Rule 56.1 Statement, all of which are deemed admitted by virtue of Nunu and Sumo's failure to respond. *See* Local Civil Rule 56.1(c); *e.g.*, *CIT Bank, N.A. v. Metcalfe*, No. 15-CV-1829, 2017 WL 3841843, at *1 (E.D.N.Y. Aug. 17, 2017), *report and recommendation adopted*, 2017 WL 3841852 (Sept. 1, 2017).

On August 6, 2007, Nunu and Sumo executed a "Credit Line Mortgage" with National City Bank ("National City") for the Subject Property in the principal amount of $90,450. (Rule 56.1 Stmt. ¶ 3; Compl., Dkt. No. 1, Ex. B ("Mortgage") at 3). Nunu and Sumo initialed every requisite page and signed the Mortgage. (Mortgage at 3, 5-7). Paragraph nine of the Mortgage provided that if Nunu and Sumo were in default on their obligations, National City could foreclose. (*Id.* at 6). Above the signature line, the Mortgage stated in capital and bold letters that "default in the payment of this loan agreement may result in the loss of the property securing the loan." (*Id.* at 7 (emphasis removed)). The Note accompanying the Mortgage was executed the same day, again by both Nunu and Sumo.[1] (Rule 56.1 Stmt. ¶ 3; Affidavit of Jared Dotoli in Support of Plaintiff's Motion for Summary Judgment, Dkt. No. 30, Ex. 1 ("Dotoli Aff.") ¶ 6; Compl., Ex. C ("Note") at 3).

PNC Bank, N.A., which was the successor—via merger—to National City, assigned the Mortgage to Trinity Financial Services, LLC ("Trinity Financial") on September 3, 2010 (Dotoli Aff. ¶ 4; Compl., Ex. D at 1-2). Trinity Financial, in turn, transferred the

---

[1] A note accompanying a mortgage is the promissory note obligating the borrower to make certain payments pursuant to the terms of the agreement. A mortgage makes the property the security for the note, and enables the lender to foreclose on the property for failure to meet the note's obligations.

Mortgage to National Note Equities, LLC ("National Note") on April 13, 2015. (Dotoli Aff. ¶ 4; Compl., Ex. D at 3-4). On January 7, 2016, National Note then transferred the Mortgage to Crosby Capital USA, which in turn transferred the Mortgage to Gustavia on January 7, 2017. (Rule 56.1 Stmt. ¶ 4; Dotoli Aff. ¶ 4; Compl., Ex. D at 5 & 8). The Note was simultaneously transferred via allonges between the same parties, again ending with Gustavia. (Rule 56.1 Stmt. ¶ 4; Dotoli Aff. ¶ 4; Compl., Ex. C at 4-6).[2]

Beginning with the payment due on August 1, 2009 and all subsequent payments thereafter, Nunu and Sumo failed to make payments due under the Note. (Dotoli Aff. ¶ 6). Each failure to make a payment constituted an Event of Default under the terms of the Note, and triggered a default under the Mortgage. (Mortgage ¶¶ 8-9; Note at 3; Dotoli Aff. ¶ 6). On February 4, 2016, SN Servicing Corporation (Gustavia's debt collection agent) sent "90 Day Notices" to both Nunu and Sumo warning them they were at risk of losing the Subject Property. (Compl., Ex. E ("90 Day Notices"); Rule 56.1 Stmt. ¶ 6; Dotoli Aff. ¶ 10). That same day, SN Servicing Corporation sent them a "30 Day Notice" that informed Nunu and Sumo they were in default under the Note and Mortgage; and if they failed to do so, Gustavia could foreclose on the Subject Property. The 30 Day Notice noted that Nunu and Sumo had been in default for 2,378 days, had failed to pay $112,849.72 due, and gave them 30 days to dispute the debt. (Compl., Ex. E ("30 Day Notices"); Dotoli Aff. ¶ 9).

---

[2] An allonge is "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary (10th ed. 2014). Under New York law, "proper endorsement of a note can be accomplished through an allonge firmly affixed to the Note." *In re Everton Aloysius Sterling*, 543 B.R. 385, 391 (Bankr. S.D.N.Y. 2015).

Neither Nunu nor Sumo cured the defaults under the Note and Mortgage. (Dotoli Aff. ¶ 11). The Complaint was filed on July 18, 2016; as of that date, Gustavia had physical possession of both the Mortgage and Note, and was the owner and holder of those instruments. (Rule 56.1 Stmt. ¶ 10; Dotoli Aff. ¶ 5).

The Complaint, brought pursuant to RPAPL (Compl. ¶ 1), sued Nunu and Sumo, as the borrowers who executed the Mortgage on the Subject Property. (*Id.* ¶¶ 5 & 6). The Complaint was styled as a foreclosure action, and alleged that Gustavia had satisfied all of the New York law statutory prerequisites to foreclosure. (*Id.* ¶ 24). Gustavia also sued three defendants who allegedly held liens or judgments against the Subject Property: Parkash, Amaya, and the New York State Department of Taxation and Finance. (Compl. ¶¶ 7-9). Those parties never appeared in the case, and the Clerk of Court entered default against them. (Clerk's Entry of Default dated November 14, 2016).

After effectuating service (*see* Dkt. Nos. 7-11), and after each defendant failed to answer or otherwise respond, Gustavia moved for default against all Defendants. (Request for Clerk's Certificate of Default dated September 7, 2016, Dkt. No. 12). Nunu then appeared, and requested additional time to file an answer to the complaint because his "public defendant lawyer withdrew from the case at the last minutes [sic] with short notice." (Letter Motion dated September 15, 2016, Dkt. No. 13). The Honorable Roanne L. Mann held a telephone conference on September 16, 2016, which was attended by Gustavia's counsel and Nunu appearing *pro se*. (Minute Order dated September 16, 2016). Nunu's request for an extension of time was granted, and both he and Sumo were given until October 17, 2016 to respond to the complaint. (*Id.*).

7

Nunu and Sumo failed to respond to the complaint by October 17, 2016. On October 25, 2016, Gustavia again moved for a certificate of default against all Defendants. (Request for Clerk's Certificate of Default dated October 25, 2016, Dkt. No. 16; *see also* Status Report dated October 25, 2016, Dkt. No. 15). Judge Mann provided Nunu until October 28, 2016 to respond to an order to show cause why Gustavia's motion for a default should not be granted. (*See* Electronic Order dated October 25, 2016). On October 28, 2016, Nunu and Sumo responded that they were "in the process of hiring a lawyer to fully represent [their] interest" in this action. (Letter Motion for Extension of Time dated October 28, 2016, Dkt. No. 17). They requested another extension of time to secure counsel. (*Id.*). Judge Mann granted their request and gave Nunu and Sumo until November 10, 2016 to respond to the Complaint. (Memorandum and Order dated November 1, 2016, Dkt. No. 19). Nunu and Sumo, appearing *pro se*, responded to the Complaint on November 10, 2016. (Answer of Defendant Dominic Nunu, Dkt. No. 22 ("Def.'s Answer")).3

Judge Mann held an Initial Conference on January 11, 2017 at which Gustavia was represented by counsel and Nunu and Sumo appeared *pro se*, and set the close of fact discovery for June 16, 2017. (Minute Entry, Dkt. No. 25). At the Initial Conference, Judge Mann also set a June 9, 2017 status report deadline. (*Id.*). After missing the June 9th deadline, Judge Mann gave the parties until July 7, 2017 to file a joint proposed schedule for dispositive motion practice. (Electronic Order dated June 30, 2017).

---

3 Although the Answer is titled "Answer of Defendant Dominic Nunu" the signature page contains both Nunu and Sumo's name, and the proof of service is signed by both Nunu and Sumo. (*See* Def.'s Answer at 7, 8).

8

Gustavia submitted a proposed scheduling order on July 6, 2017, indicating that Nunu and Sumo had been unresponsive to counsel's attempts to file the motion jointly. (Proposed Scheduling Order dated July 6, 2017, Dkt. No. 28). Judge Mann adopted Gustavia's proposed schedule. (Electronic Order dated July 6, 2017).

On October 6, 2017, Gustavia moved for summary judgment and attached the required Local Civil Rule 56.2 Notice. (Motion for Summary Judgment dated October 6, 2017, Dkt. No. 30 ("Pl.'s Mem."), Ex. 9). On November 15, 2017, Nunu requested an extension of time "to sort out [his] legal representation," which Gustavia opposed. (Letter Motion dated November 15, 2017, Dkt. No. 32; Response in Opposition dated November 16, 2017, Dkt. No. 33). In his letter motion, Nunu also indicated that Sumo had "release[d] his interest in [the subject] property" and attached documents purporting to show an assignment from Sumo to Nunu. (Letter Motion, Dkt. No. 32).

The Court held a Status Conference on November 28, 2017, at which Gustavia was represented by counsel; Nunu appeared, but Sumo did not. (Minute Entry dated November 28, 2017, Dkt. No. 36; *see also* Transcript of Proceedings held on November 28, 2017 before Judge Bulsara, Dkt. No. 43 ("Tr.")). At the Status Conference, Nunu stated that "Sumo . . . relinquished the rights of the property to [him]," and that he was "the sole owner[.]" (Tr. at 3:16-18). The Court emphasized that despite such allegation, Sumo was "still required to appear in court." (*Id.* at 3:25). Gustavia indicated that they disputed that Sumo had transferred his interests because Sumo's name still was on the deed for the Subject Property. (*Id.* at 4:19-23). As a result, Gustavia asked the Court to rule on its summary judgment motion against both Nunu and Sumo.

The Court gave Nunu until December 15, 2017 to find counsel, and indicated that if he failed to do so, he would have to continue this case *pro se*. (*See* Minute Entry dated

November 28, 2017). Nunu was also given until January 12, 2018 to respond to the pending summary judgment motion. (*Id.*). Counsel never appeared on behalf of Nunu, and the Court informed him that he would be proceeding *pro se*. (Order dated December 20, 2017). Nunu did not respond to the summary judgment motion. Instead, Nunu submitted a letter indicating to this Court that he had faxed an offer of settlement to Gustavia on January 12, 2018. (Letter of Settlement dated January 16, 2018, Dkt. No. 42).

For the reasons explained below, this Court respectfully recommends that Gustavia's motion for summary judgment be granted against Nunu and Sumo. The Court also recommends that Gustavia's request for default judgment against the remaining defendants, which it sought via letter without any motion papers or support, be denied without prejudice.

Discussion

I.  Summary Judgment Against Nuno and Sumo for Foreclosure

    A.    *Prima Facie* Case

"In a mortgage foreclosure action under New York law, 'the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation.'" *Gustavia Home, LLC v. Rice*, No. 16-CV-2353, 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016) (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)); *see also E. Sav. Bank, FSB v. Ferro*, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). Consequently, "in a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case . . . where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, No. 16-CV-

3722, 2017 WL 3614456, at *4 (E.D.N.Y. June 16, 2017), *report and recommendation adopted*, 2017 WL 3634604 (Aug. 18, 2017) (quotations omitted).

Gustavia has established each of these three elements of its *prima facie* case. It produced, both when it filed the Complaint and in support of its summary judgment motion, the original Mortgage and Note for the Subject Property executed by Nunu and Sumo. (*See* Mortgage and Note *supra* at 5). It also provided the documents evidencing the chain of assignments of those instruments. (*See* Compl., Exs. C & D). It has also submitted uncontested affidavits attesting to those facts. (*See* Rule 56.1 Stmt. ¶¶ 3, 4, 10; *see also* Dotoli Aff. ¶¶ 3-7). Finally, it provided evidence—in the form of the 90 and 30 day notices and a declaration made on behalf of Gustavia—that neither Nunu or Sumo has cured (or even attempted to cure) the defaults on the Note or Mortgage. (Compl., Ex. E; Dotoli Aff. ¶ 6 ("Defendants breached their obligations under the Note . . . by failing to pay the regular monthly payment which came due on August 1, 2009 . . . and all subsequent payments."); ¶ 11 ("Defendants have failed to cure the default under the Note and Mortgage.")). Nunu and Sumo themselves admit that they executed a Note dated August 6, 2007 and that they are "behind on [their] mortgage payments." (*See* Def.'s Answer, Dkt. No. 22 ¶¶ 14, 21). This evidence—none of which has been disputed—is sufficient to demonstrate a *prima facie* case for summary judgment on behalf of Gustavia. *E.g.*, *CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC*, No. 15-CV-8618, 2017 WL 2819867, at *3 (S.D.N.Y. June 28, 2017) ("Plaintiff has produced the note and mortgage . . . and has offered an affidavit indicating that Garten has been in default of her loan obligations since June 1, 2010. . . . Garten has not offered an affidavit or other evidence to refute this, and has not disputed that Plaintiff has produced adequate

evidence of default. . . . Plaintiff has therefore established a prima facie case and is presumptively entitled to foreclosure.").

B. <u>Affirmative Defenses</u>

"Once the mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists." *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935, 2010 WL 3463142, at *3 (E.D.N.Y. Aug. 30, 2010) (quotations omitted); *Escobar*, 2017 WL 3614456, at *6 (after establishing a "presumptive right to foreclose . . . burden shifts to [Defendants], and the Court turns to the . . . alleged affirmative defenses[.]"); *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012) ("When a plaintiff meets its *prima facie* burden and the defendant does not contest those facts, a presumptive right to collect the overdue amount exists that can only be overcome by showing a meritorious affirmative defense.").

Neither Nunu nor Sumo have offered any opposition to the motion for summary judgment. They have admitted, in their Answer, the existence (and the validity) of the Note and the fact that they failed to make required payments.[4] The Answer contains a

---

[4] The Court notes that Gustavia could have, after Sumo ceased appearing in the case, sought a default and moved for a default judgment, and moved only for summary judgment against Nunu. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129-31 (2d Cir. 2011) (default appropriate when party appears, answers, but then stops participating). "Typically, when presented with this scenario, plaintiffs move for summary judgment against the answering defendant and seek a default judgment against any defendants who have not responded[.]" *Kovalchik v. City of New York*, No. 09-CV-4546, 2014 WL 4652478, at *10 (S.D.N.Y. Sept. 18, 2014) (collecting cases). But since Gustavia did move for summary judgment against Sumo, the Court may proceed by "assess[ing] the record before it to determine whether a triable issue exists . . . , notwithstanding his failure to oppose the summary judgment motion." *Id.* at *11. "[W]hen a party, whether *pro se* or counseled, fails to respond to an opponent's motion for summary judgment, a district court . . . must examine the movant's statement of undisputed facts and the proferred record support and determine whether the movant is

number of asserted affirmative defenses; Nunu and Sumo have not provided any support (either in the form of evidence or argument) for the asserted defenses. A party may not simply assert a defense in a pleading and rely on the assertion to defeat summary judgment; Nunu and Sumo's failure to advance their defenses beyond the pleading stage is sufficient to deny their validity. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54-55 (2d Cir. 1994) ("[I]n cases where there is an absence of evidence to support an essential element of a defense, with respect to that defense 'there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial.'") (quoting *Celotex*, 477 U.S. at 323 (quotations omitted)); *e.g.*, *Bright*, 2012 WL 2674668, at *3 (granting summary judgment to plaintiff, where defendant "presents no admissible proof from which a reasonable jury could find that [Plaintiff] engaged in fraud, duress, oppressive or unconscionable dealings, and/or bad faith in relation to the making of the note and mortgage[.]").

In any event, none of the asserted defenses have any merit.

*First,* Nunu and Sumo allege that Gustavia received a tax write off in connection with the various transfers of the Note. (Def.'s Answer ¶ 32). That Gustavia (or any of its predecessor holders of the Note) received a tax write off does not preclude Gustavia

---

entitled to summary judgment." *Jackson v. Fed. Exp.*, 766 F.3d 189, 197 (2d Cir. 2014). The Court has done so and concludes the same reasons that Gustavia is entitled to summary judgment against Nunu entitle it to judgment against Sumo. Although Nunu claimed at a hearing before the Court that Sumo's interest in the property had been transferred to him, and provided evidence allegedly evidencing that transfer (*see* Letter Motion dated November 15, 2017, Dkt. No. 32), Sumo never made those arguments, since he had stopped appearing in the case after filing the Answer. And the Court's independent review of the Note and Mortgage lead to the conclusion that Sumo has liability for unpaid payments due under the Note, a liability that is not extinguished by a purported transfer in the property secured by the Mortgage.

from seeking to foreclosure on the security (the Subject Property) provided for the Note. *Cf., Schwartz v. Schwartz*, No. 16-CV-2743, 2017 WL 4023132, at *7 (E.D.N.Y. Aug. 28, 2017) ("Whether Plaintiff is likely to recover the full amount due to him at a foreclosure sale is irrelevant to Plaintiff's right to foreclose the Property. Thus, this affirmative defense is meritless."), *report and recommendation adopted*, 2017 WL 4023129 (Sept. 12, 2017).

*Second*, they raise an abstention defense based on NY CPLR § 3408(f), which they allege requires banks to negotiate with borrowers in good faith foreclosure actions. In foreclosure actions involving owner-occupied homes, "the parties must participate in a mandatory court-supervised settlement conference." *Avail Holding LLC, v. Ramos*, No. 15-CV-7068, 2017 WL 979027, at *2 (E.D.N.Y. Mar. 10, 2017) (citing CPLR § 3408). The provisions of CPLR § 3408 apply to New York courts, not to federal courts adjudicating foreclosure actions based on their diversity jurisdiction. *See id.* (expressing skepticism that CPLR § 3408 protections would apply to federal court settlement conferences, and declining to abstain); *Gustavia Home, LLC v. Rice*, 2016 WL 6683473, at *5 (holding § 3408 inapplicable in federal court); *Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 370 (E.D.N.Y. 2012) (holding § 3408 must give way to Federal Rule of Civil Procedure 16). As a result, the existence of CPLR § 3408 is not a reason for this Court to abstain and not adjudicate the merits of the foreclosure action: it is not a legal defense to a foreclosure action brought in federal court.[5]

---

[5] Nunu and Sumo also cite to Administrative Order ("AO") 548-10 (amended by AO 431-11), which requires that an attorney submit an affirmation confirming the accuracy of the court filings and notarizations. (Def.'s Answer ¶ 37). However, because this action was commenced in 2016, AO 431-11 does not apply. *See One W. Bank, FSB v. Lynch*, No. 14-CV-158, 2014 WL 5471009, at *4 (E.D.N.Y. Oct. 28, 2014) ("[T]he

Accordingly, the Court finds that Nunu and Sumo have no valid defenses and this Court respectfully recommends that Gustavia's motion for summary judgment be granted. *See CIT Bank, N.A. v. Escobar*, No. 16-CV-3722, 2017 WL 3614456, at *4 (E.D.N.Y. June 16, 2017) ("If nothing is shown once these three elements are proven, then summary judgment in favor of the movant is appropriate."), *report and recommendation adopted*, 2017 WL 3634604 (Aug. 18, 2017).[6]

II. <u>Default Judgment</u>

On November 14, 2016, the Clerk of Court entered default against Defendants Parkash, Amaya, and the New York State Department of Taxation and Finance, who are alleged lienholders on the Subject Property. (Compl. ¶¶ 7-9). "The rationale for joinder of tenants and junior lienholders derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *6820 Ridge Realty LLC v. Goldman*, 701 N.Y.S.2d 69, 72 (N.Y. App. Div. 1999) (quotations omitted). Gustavia asks that the Court simply enter default judgment against these parties. (Declaration of Alan H. Weinreb in Support of

---

provisions of AO/431/11 shall not apply to residential mortgage foreclosure actions commenced on or after August 30, 2013. . . .") (citing AO 208-13 (Aug. 1, 2013)).

[6] During the course of this litigation, by way of a deed dated July 17, 2017 and recorded on July 31, 2017, Nunu transferred the Subject Property to 14937256 Corp. (the "Corp."), a corporate entity whose address is the same address as the Subject Property. (Order dated November 28, 2017; *see also* Letter in Response dated December 22, 2017, Dkt. No. 40 ("Pl.'s Response") at 1). Gustavia did not add Corp. to case, despite having had an opportunity to do so. (Pl.'s Response at 2 ("As the Corp. is now bound by this action, it is not required to be named as a party Defendant, and Plaintiff will not seek leave amend its Complaint.")). Corp is not presently before the Court, and the Court has no occasion to determine if, as Gustavia alleges, Corp. would be bound by a judgment entered in this case.

Plaintiff's Motion for Summary Judgment dated August 17, 2017, Dkt. No. 30, Ex. 2 ¶ 1). But the Court cannot do that, particularly since the Complaint does not allege the nature of the liens, their amounts, or attach any documents evidencing their interests in the Subject Property. Without such documents, the Court would be unable to determine what the nature of the judgment (or the amount of such judgment) to be entered against them. Furthermore, Gustavia must file a motion for default judgment and submit a memorandum of law supporting such a motion. (Local Civil Rule 7.1(a)(2) ("[A]ll motions shall include the following motion papers: A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.]"); 55.2(b) (outlining requirements for form of default judgment)). The Court recommends that Gustavia be directed to file a motion for default judgment against these defendants. Gustavia should also move to dismiss the John Doe defendants, none of whom have ever been named.

## Conclusion

For the reasons explained above, the Court respectfully recommends that summary judgment be granted in favor of Gustavia against Nunu and Sumo. In light of this recommendation, this Court recommends that Gustavia's request to strike their answer and affirmative defenses be denied as moot. *See, e.g., Gustavia Home, LLC v. Owusu*, No. 16-CV-5709, 2018 WL 2122818, at *1 (S.D.N.Y. May 8, 2018) ("The motion to strike Defendant's Answer and Affirmative Defenses is mooted by [the Court's granting of Plaintiff's summary judgment motion]."). This Court also recommends that Gustavia be directed to submit a motion for default judgment as to the non-appearing defendants in this action, and dismiss the John Doe defendants.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Gustavia shall immediately serve a copy of this Report and Recommendation on the Defendants and file proof of such service in the record.

/s/ Sanket J. Bulsara June 29, 2018
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York